UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JAMES SCOTT ANDERSON,

      Plaintiff,

-v-

12-CV-0598M
ORDER

PHILLIP POVERO, Sheriff, Ontario County;
DAVID C. TILLMAN, Undersheriff, Ontario County;
ALICE C. HASKINS, Chief Administrative Officer,
Ontario County. Jail; ONTARIO COUNTY; and
ONTARIO COUNTY MENTAL HEALTH,

      Defendants.



___

Plaintiff's original complaint in this matter alleged two separate claims against defendants, the Sheriff and Undersheriff of the County of Ontario, the Administrative Officer of the Ontario County Jail, Ontario County and the Ontario County Health Department. (Docket No. 1, Complaint.) The First Claim alleged that the defendants denied him a mental health care evaluation between December 25, 2009 and April 30, 2010. The Second Claim alleged that while he was at the Ontario County Jail his apartment was burglarized but despite numerous requests, he was unable to speak to a deputy sheriff regarding the break-in. The Court, upon granting plaintiff permission to proceed in forma pauperis, and upon review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissed with prejudice (1) the Second Claim in its entirety, (2) the First and Second Claims against the Ontario County Health Department, and (3) the First and Second Claims against the individual defendants in their official capacities. These claims were all dismissed for failure to state a claim upon which relief could be granted. (Docket No. 9, Order.)

The Court also dismissed the First Claim against the Sheriff, Undersheriff, and Administrative Officer of the Jail, but with leave to file an amended against those defendants only, and in their individual capacities only.¹ The Court found that the First Claim against the individual defendants failed to state a claim for relief because there were no allegations of their personal involvement in the alleged denial of a mental health care evaluation. (*Id.*, at 4-6.) The Court also found that plaintiff failed to allege a claim against the County because there were no allegations that the alleged denial of a mental health evaluation occurred as a result of a policy or custom of the County. (*Id.* at 7-8.)

Plaintiff filed an amended complaint against the same five defendants named in the original complaint, despite the dismissal of the Ontario County Health Department with prejudice, alleging again only that he was denied mental health treatment at the Jail between December 25, 2009 and April 30, 2010, and that this caused anxiety and stress. Despite a detailed discussion in the Court's Order that the doctrine of *respondeat superior* does not apply to actions brought under 42 U.S.C. and that a plaintiff must allege a defendant's personal involvement in the alleged constitutional violation in order to state a claim against him under § 1983, *see Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-695 (1978); *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995), the amended complaint fails to allege that the Sheriff, Undersheriff, and Jail Administrator were involved in any way in the alleged denial of mental health treatment. (Docket No. 10, Amended Complaint, ¶ 5A, First Claim, at 5.)

---

¹*See, e.g., Myers v. Sperazza*, 2012 WL 6690303, at 1 (W.D.N.Y, Dec. 21, 2012) ("[T]he Second Circuit has held that 'district courts generally should not dismiss a pro se complaint without granting the plaintiff at least one opportunity to amend.'") (quoting *DeBoe v. DuBois*, 503 F. App'x 85, 2012 WL 5908447, *1 (2d Cir. Nov. 27, 2012) (Summary Order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Accordingly, the amended complaint must be dismissed in its entirety and with prejudice against the Sheriff, Undersheriff, and Jail Administrator.[2]

Similarly, the claim against the County must be dismissed with prejudice because, again, there are no allegations in the amended complaint that the alleged constitutional violation occurred pursuant to a policy or custom of the County.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

_____
JOHN T. CURTIN
United States District Judge

DATED: 10/2, 2013
Buffalo, New York

---

[2]Despite the Court's dismissal of the claims against these defendants in their official capacity and the liberal construction of the claims against these defendants in their individual capacity (Docket No. 9, Order, at 5, n. 5), the Amended Complaint again notes that these defendants are being sued in their official capacities only. The Court, however, will again construe these claims to be against the individual defendants in their individual capacity only.